Bar Association of Greater Cleveland *v.* Esber.

(D. D. No. 76-11—Decided December 15, 1976.)

232

*Mr. Michael Honohan* and *Mr. Edward Cass*, for relator.

*Mr. Edward M. Esber, pro se.*

*Per Curiam.* Even if we were persuaded by respondent's testimony before the panel of the board of commissioners, Gov. R. V(8)(b) states that "[a] certified copy of a judgment entry of conviction of an offense shall be conclusive evidence of the commission of that offense in any disciplinary proceeding instituted against an attorney based upon the conviction."

The Code of Professional Responsibility has been adopted by this court under Gov. R. IV(1). We find that respondent violated Canon 1, DR 1-102(A)(3), which states that a lawyer shall not engage in illegal conduct involving moral turpitude.

Gov. R. V(5)(a) defines misconduct as the commission or conviction of a crime involving moral turpitude. Gov. R. V(6)(a) requires each attorney found guilty of misconduct to be disciplined. By his conviction and subsequent incarceration, respondent has lessened public confidence in the legal profession and has reflected substantial discredit upon his fellow lawyers.

We conclude that respondent must be permanently disbarred from the practice of law.